An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY LEE DIXON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65844

**FILED**

JUN 11 2015


TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery constituting domestic violence–strangulation, assault, robbery, coercion, battery constituting domestic violence resulting in substantial bodily harm, and possession of a controlled substance with intent to sell. Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant Jerry Lee Dixon argues first that the evidence presented at trial was insufficient to support his convictions for battery constituting domestic violence–strangulation, battery constituting domestic violence resulting in substantial bodily harm, robbery, and coercion. In support of his argument, Dixon asserts only that he and the victim presented conflicting stories about who initiated the altercation, their injuries were consistent with both of their stories, and no other evidence corroborated the victim's story. After reviewing the evidence in the light most favorable to the prosecution, we conclude that any rational juror would have found all of the essential elements of the offenses beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992); NRS 200.481(1)(a); NRS 200.485; NRS 33.018; NRS 200.380; NRS 207.190(1).

15-17875

The victim testified that Dixon, whom the victim had been dating and residing with, strangled him and beat him, resulting in a deep laceration to the victim's head which required numerous staples to close. *See* NRS 200.481(1)(a); NRS 200.485; NRS 33.018(1). The victim further testified that Dixon forcefully took the victim's wallet, keys, and cell phone and used violence and threats to prevent the victim from driving away from the house. *See* NRS 200.380; NRS 207.190(1). While Dixon claims that the victim's testimony conflicted with his own, it is up to the jury to assess the witnesses' credibility and determine the weight to give their testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. *See McNair*, 108 Nev. at 56, 825 P.2d at 573.

Second, Dixon contends that the district court abused its discretion in joining the domestic violence charges with the drug possession charge. The joinder of charges is within the district court's discretion and we will not reverse absent a showing that the "improperly joined charges had a substantial and injurious effect on the jury's verdict." *Weber v. State*, 121 Nev. 554, 570-71, 119 P.3d 107, 119 (2005).

At trial, the victim testified that he had moved out of the house he shared with Dixon because Dixon became secretive and began bringing marijuana grow equipment into the house. Several weeks after the victim moved out, the victim went to the house at Dixon's request, and Dixon punched him and asked him "where his weed was." Dixon told the victim that the victim was not safe because the marijuana belonged to other people who believed that the victim had stolen it. The police, in investigating the domestic violence incident, discovered marijuana in the house.

Dixon maintains that the domestic violence offenses and the drug offense were not based on the same act or transaction and were not part of a common scheme or plan, *see* NRS 173.115, and, further, that they were not connected together because evidence from the domestic violence-related offenses was not cross-admissible at a separate trial on the drug possession offense, *see Weber*, 121 Nev. at 573, 119 P.3d at 120 (defining "connected together" as requiring that evidence of each crime be cross-admissible in a separate trial for the other). The question is close. But even assuming joinder of the charges amounted to an abuse of discretion, Dixon has failed to demonstrate that the joinder had a "substantial and injurious effect" on the jury verdict, given the overwhelming evidence of guilt presented by the State at trial on both the domestic violence-related charges and the drug possession charge. *See id.* at 570, 119 P.3d at 119.

Third, Dixon argues that the district court erred in denying his motion to suppress marijuana that was discovered after a warrantless entry into his home. When reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *State v. Lisenbee,* 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000). Warrantless home entries are presumptively unreasonable unless justified by a specific exception to the warrant requirement of the Fourth Amendment. *Hannon v. State,* 125 Nev. 142, 145, 207 P.3d 344, 346 (2009). One such exception is an emergency home entry where "law enforcement had an objectively reasonable basis to believe that there was an immediate need to protect the lives or safety of themselves or others." *Id.* at 147, 207 P.3d at 347; *see also Brigham City v. Stuart,* 547 U.S. 398, 404 (2006).

The district court determined that the entry of the home fell into the emergency exception to the warrant requirement and denied Dixon's motion to suppress. We agree. Although Dixon contends that the altercation between him and the victim had ended before the police went to the house and there was no concrete evidence that anyone was inside his house or that a third person was involved, we conclude that the officers had an "objectively reasonable basis" to believe that someone inside the house needed help. *See Hannon*, 125 Nev. at 147, 207 P.3d at 347. In particular, the officers saw movement and light in the house before knocking on the front door, the front door had been forced open and the lock was broken, blood was spattered on the floor, and Dixon's whereabouts were unknown. Thus, the officers' emergency home entry did not violate the Fourth Amendment, and the district court did not err by denying Dixon's motion to suppress.

Fourth, Dixon argues that the prosecutor engaged in misconduct during rebuttal closing argument by vouching for the victim's credibility and asserting a personal opinion.[1] In analyzing allegations of prosecutorial misconduct, we take a two-step approach: we must first "determine whether the prosecutor's conduct was improper," and if it was, we must then "determine whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). It is unclear from the record whether the district court sustained Dixon's

---

[1]Dixon challenges two comments by the prosecutor: "So, you don't have to take [the victim's] word for it although I can't imagine that something happened that would make you not believe him but that's up to you"; and "I think that it's certainly a stretch to say that [the victim's] story is unbelievable."

objection to the prosecutor's comments; we note that the objection should have been sustained and the jury should have been instructed to disregard the comments. Nevertheless, the improper comments do not warrant reversal given the overwhelming evidence of guilt and the prosecutor's repeated emphasis to the jurors that it was their function to determine the credibility of the witnesses. *See id.* at 1188-90, 196 P.3d at 476-77.

Having considered Dixon's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Jessie Elizabeth Walsh, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk